1831.

Hallett
v.
Hallett.

---

## J. HALLETT and wife *vs.* J. D. HALLETT and others.

Where the intention of the court is to permit a party to produce or deliver over books and papers or any other thing, on his own ex parte affidavit merely, he is directed to produce and deliver the same on oath generally.

But where it is referred to a master to superintend the production or delivery, or the, party is directed to produce and deliver on oath before a master, or under the direction of a master, all parties interested in the production or delivery may examine such party as to the fact, whether the order of the court has been fully and fairly complied with.

In such cases the master should allow a reasonable time to inspect the books and papers delivered, and to prepare interrogatories for the examination of the party, if necessary.

June 2st.

An order was made in this cause for the appointment of a receiver of the estate and effects of A. S. Hallett, deceased, in the hands of his executors ; and directing them to deliver over to the receiver, under oath, *before master Depeyster,* the said estate and effects, with all books of account, papers, writings, securities and evidences of debt, belonging, or in any way appertaining to the same. The executors delivered over to the receivers certain books and papers, and made and delivered to the master the usual affidavits that they had delivered over all the estate and effects, books, papers, &c. in their custody, or within their power or control. The complainants then applied to the master for time to inspect the books and papers delivered, and for leave to examine the executors on written interrogatories or otherwise, if they should find the delivery unsatisfactory. The master being of opinion that the general affidavit was all that was necessary, and that he had no power to receive interrogatories, or to examine the

executors further, refused the application. The complainants thereupon obtained a certificate of the facts, and applied to the court for directions to the master to examine the defendants as to the delivery, &c.

*M. Hoffman*, for the complainant.

*H. Bleecker*, for the executors.

THE CHANCELLOR. The master has mistaken the practice of the court under an order of this description. Where the intention of the court is to permit the party to produce or deliver over books and papers, or any other thing, on his own ex parte affidavit merely, he is directed generally " to produce and deliver the same on oath." But where it is referred to a master to superintend the production and delivery ; or the party is directed to produce and deliver on oath, " before a master," or, " under the direction of a master," it is that all parties interested in the production or delivery may have an opportunity to examine as to the fact whether the order of the court is fully and fairly complied with. The proceedings in that case to ascertain the facts are substantially the same as on an order to produce books, papers, &c. before a master, on a reference to take an account. In this case the complainants were entitled to a reasonable time to inspect the books and papers produced and delivered over to the receiver ; and, if they were not satisfied, they had a right to examine the executors on the subject, either orally or on written interrogatories as the master should think proper. In this case it is the more important that the complainants should have the privilege of examining on interrogatories, as the affidavit of one of the executors is not positive, but merely as to his belief. Perhaps an examination might refresh his recollection, or at least satisfy the master that some other property or effects, books or papers, belonging or relating to the estate were in his possession, or within his legal control. In *Gower* v. *Lady Baltinglass*, (Turn. & Russ. R. 195, note,) the defendant was compelled to answer interrogatories, notwithstanding she had brought in the trunk of writ-

1831.

Hallett
v.
Hallett.

ings, upon oath, in the usual manner. (*See also Hoffman's Master*, 11, *and cases there cited.*) The examination in this case however is only to extend to the books, papers and effects which were actually in the possession, power or control of the executors at the time of making the order, or since; and not to a general account of what they may be made liable for hereafter, in consequence of any previous neglect, misapplication of funds, or other misconduct. This is not the proper time to hold an inquisition as to these matters, although they will be proper subjects of inquiry after a decree for an account.

The master should have adjourned for a reasonable time, to enable the complainants to examine and see what papers and effects had been delivered to the receiver, and then to make the necessary inquiries of the executors, as to any thing which they supposed was deficient, or had been withheld. The complainants must therefore have the order, as asked for in their notice, for leave to examine the defendants, either on written interrogatories, or orally, as the matter shall think proper. And the complainants' costs on this application are to abide the event of this suit; and to be taxed as costs in the cause, if costs shall be awarded to them.