1838.

Gihon
v.
Albert.

GIHON and others *vs.* ALBERT & SHAW.

Where a defendant has been examined on oath before a master upon a refer-
ence to appoint a receiver upon a creditor's bill, his examination may be
given in evidence by the adverse party, upon the hearing of the cause, to
contradict the defendant's answer; although the master required him to an-
swer questions which he was not legally bound to answer.

If illegal or improper questions are put to a defendant upon his examination
before a master he is not bound to answer them, but may appeal from the
decision of the master to the court. But if he improperly refuses to answer
questions which are relevant and proper, he will be compelled to pay the
costs of an application to the court to compel him to answer; and he may
be otherwise punished for the contempt.

December 4.    THIS was an appeal from an order of the vice chancellor
of the first circuit, denying the application of the defendants
to suppress the examination of one of the defendants be-
fore a master, as an exhibit to be used as evidence on the
hearing of the cause. The defendants had been required
to answer the allegations in the complainants' bill; to which
answer a replication had been filed. And upon the taking
of the testimony before the examiner, the complainants of-
fered in evidence the examination in question as an exhibit
to be used on the hearing to falsify the allegations in the
answer; which examination was taken before the master
upon a reference under an order of the court to appoint a
receiver in the cause, and requiring the judgment debtor to
deliver over his property to the receiver under oath, before
the master, in the usual form.

*C. Edwards & C. T. Cromwell*, for the appellants.

*James W. Gerard*, for the respondents.

THE CHANCELLOR. The exhibit which the vice chan-
cellor has refused to suppress is the examination of one of
the appellants upon oath. It is therefore evidence of the
strongest character against him and ought not to be sup-
pressed, unless it is wholly irrelevant to the matters in is-
sue between the parties, or was obtained under such cir-

cumstances that it cannot be legally used as evidence for the complainants on the hearing. I think there can be no reasonable doubt as to the relevancy and materiality of this examination, as evidence to support the complainants' case upon the matters in issue between the parties. If it tends in any manner, either alone or in connection with any other evidence which may be introduced at the hearing, to show that the alleged assignment from Shaw to Albert was fraudulent, or was intended to delay or hinder the creditors of Shaw in the collection of their debts; or to show that Albert is indebted to Shaw, or that he has any property of the latter in his hands, the exhibit cannot be rejected as irrelevant. And as the complainants could not use one part of the examination as evidence and reject other parts thereof as immaterial, without the consent of the adverse party, the fact that much of the examination is wholly immaterial to the questions in issue between the parties forms no ground for suppressing such examination.

Upon the view I have taken of another question in this case it is not necessary for me to inquire whether there are not many things in this examination which were irrelevant to the matters upon which the master was authorized to examine the defendant Albert on oath upon the reference. In the case of *Fitzhugh* v. *Everingham*, (6 *Paige's Rep.* 30,) it was decided that under the common order of reference to appoint a receiver, &c. upon a creditor's bill, the complainant was only entitled to examine the defendant on oath in relation to the subject matter of the reference. And the proper course is there pointed out which the defendant is to pursue, if he is advised by his counsel that questions put to him are improper or irrelevant to the matters referred to the master; but which the master decides it is proper for him to answer. He is to refuse to answer. Which refusal is in the nature of a demurrer to the interrogatory. And then the question will be brought before the court upon an application to compel him to answer, and to punish him for the contempt in refusing to answer if the interrogatory was not an improper one. Counsel should be careful, however, in advising their clients not to answer in such cases, unless the

1838.

Gihon
v.
Albert.

question is clearly irrelevant or improper; as the client will be charged with the costs of the application to the court if it turns out that he is in the wrong, and may be further punished, in the discretion of the court, for his contempt in refusing to answer. And in such case if the counsel has advised him not to answer, where there was no real doubt as to the propriety of the question, or where the answer could not prove injurious to the client if he was an honest man, the counsel will himself be liable to his client for the damage the latter has sustained by such improper advice.

Where the question is relevant, and proper in relation to the subject matter of inquiry before the master, the defendant must answer it, although he may have been required to answer as to the same matter on oath in response to the allegations in the bill; and though he has not given a written consent under the 191st rule, so as to entitle the complainants to insert a clause in their order of reference to take his examination on oath as to all the matters in the bill, as a substitute for an answer in the usual form. Whether the questions which the defendant has answered before the master upon this reference as to a collateral matter were proper or improper, in relation to the subject of that reference, I do not see any legal principle upon which he can object to the use of his examination as evidence against him, upon the hearing the same cause upon pleadings and proofs, or in any other proceeding in the cause as to which the examination is material and relevant. As well might a party who had answered a bill of discovery which he was not legally bound to answer, afterwards object to the answer being used against him upon a trial at law, on the ground that he was not legally bound to answer the bill but might have demurred to the same successfully.

The decision of the vice chancellor was therefor right in refusing to suppress the exhibit as improper testimony for the complainants on the hearing. And the order appealed from must be affirmed, with costs.