NOVEMBER 21, 1843.

*Mary H. Renwick* v. *Robert J. Renwick.*   B. F. BUTLER and A. H. DANA, for complainant; W. S. SEARS, for defendant. The bill in this cause was filed for a divorce on account of the adultery of the husband. The defendant allowed the bill to be taken as confessed for want of an answer; and the usual order of reference was made to a master in New-York to take proof of the facts charged in the bill, and to report such proof to the court, with his opinion thereon. The witnesses to prove the charge of adultery, resided in the county of Tompkins, and upon the certificate of the master, a commission was issued to a master residing at Ithaca, to take the examination of the persons named in the master's certificate, and such other persons as should be produced before such commissioner. Under this commission the complainant examined three witnesses not named therein; and of the examination of one of whom the defendant's solicitor had not received due notice. Upon the return of the commission the defendant's solicitor applied to the master for a new commission to take testimony to impeach the witnesses previously examined, but furnished no names of witnesses, or any affidavit showing that the characters of any of those who had been examined under the commission, were bad. The master refused to grant a commission or to delay his final report. He also reported the depositions of the three witnesses not named in the commission as part of the testimony to establish

*(margin note: Bill for divorce.)*

10

the adultery charged in the complainant's bill, although such depositions were objected to by the complainant's solicitor. The cause was thereupon set down for hearing upon the bill taken as confessed and upon the master's report, and the defendant's solicitor applied for leave to except to the report, and set aside the deposition of the three witnesses as irregularly taken, and that he might have further time to examine witnesses on his part; but he produced no affidavit showing that there were any witnesses on his part whose testimony was material upon the question then pending before the court.

**Power and duty of a master on a reference in a suit for divorce.** The chancellor decided that under the statute, the master was not to decide the question whether the defendant had or had not been guilty of the adultery charged in the bill, but was merely to report the proofs with his opinion thereon for the ultimate decision of the court upon such proofs; and that

**Exceptions to report.** no exceptions therefore could be filed to the report in such a case; that where the master had proceeded irregularly, or where it was necessary to examine other witnesses upon the subject matter of the reference the proper course was to make a special application to the court, upon due notice to the adverse party, for relief; but if the only objection to the report was that the master had formed an erroneous opinion upon the testimony in the case, that was a mere matter of argument upon the hearing of the cause, and would be corrected by the court if the opinion of the master was wrong. He also de-

**Certificate for a commission to examine witnesses.** cided that the master could not grant a certificate for a general commission to examine witnesses not named therein, except upon the consent of all parties interested and who had appeared in the cause; that to authorise the granting of the certificate for a commission, unless by consent, the party applying for it should produce to the master an affidavit showing the names, residences and materiality of the witnesses sought to be examined; so that if any of such witnesses were not credible persons, or the adverse party wished to examine other witnesses to explain or rebut their testimony, he might join in the commission and name witnesses on his part, or obtain a certificate for a separate commision for that purpose at the same time; and that the like notice of the ex-

amination of witnesses under a commission in this state, upon a proceeding in the master's office, should be given as was prescribed by the 73rd rule of the court.

The depositions of the three witnesses not named in the commission were ordered to be suppressed; and the cause was directed to be heard upon the testimony which had regularly been taken only, the complainant's counsel not wishing to re-examine those witnesses.

The Chancellor. The adultery of the defendant as charged in the bill, is fully established by the testimony of several witnesses. The divorce must therefore be granted as prayed for; and as no objection was made upon the hearing, to the giving the care and custody of the children who had not arrived at the age of twenty-one to the mother, their care and custody must be committed to her until the further order of the court. Indeed it is charged in the bill, and admitted for the purposes of this suit, that the defendant, several years since, abandoned his wife and family and has contributed nothing to their support, and that the complainant has provided for the support and education of her children out of the income which she has received from the estate of her father under his will. She is of course entitled to a decree for costs against the defendant. And her counsel also asks that the property which has been devised or bequeathed to her by her father, and the income thereof, may be decreed to belong to her, free from any claim of the defendant or his creditors or assignees thereon; and that he may be peremptorally enjoined from taking any proceedings to reduce the same, or any part thereof, to his possession, or to change or impair her claim or title thereto, and from intermeddling therewith in any manner.

*Husband's interest in wife's property on a divorce for adultery.*

At the common law the interest of the husband in the real estate of the wife only continued during coverture, and therefore if she was divorced *a vinculo* she was entitled to her real estate immediately, in the same manner as if she had survived her husband. And if the husband had aliened the same during the coverture, she could bring her writ of *cui ante divortium* to recover the land. (*Fitz. Nat. Brev.* 204, 471. *Coke*

*Litt.* 326.) And although the husband has sold his interest which he has obtained by the marriage, in the real estate of the wife, or the same has been delivered over to to a creditor of the husband on an extent, a divorce granted to the wife divested the title of the grantee or tenant by elegit, in the same manner as if the marriage had been dissolved by the death of the husband. (*Barber* v. *Root*, 10 *Mass. Rep.* 260.) So in relation to all rights and choses in action in which it was necessary during the coverture that the suit to recover the same should be brought in the name of the husband and wife jointly, and where the right of action would survive to the wife, or her personal representative in case the husband died first, the divorce of the wife for the misconduct of the husband must, upon the same principle, belong to the wife, where the husband has not reduced the same to possession previous to the divorce ; in the same manner as if the coverture had been terminated by the death of the husband at the time the divorce was completed. And where the husband has forfeited all right to his wife's property by his wilful violation of the marriage contract, it is perfectly just and equitable that she should be permitted to retain for her own use, and for the education and support of the children of the marriage, if there are any, all the real and personal estate which belonged to her at the time of the marriage, or which has come to her by gift, devise or descent, from any of her relatives during the coverture, and which the husband has not recovered and reduced to his actual possession previous to the commission of the offence for which the divorce is granted. (*See Haviland* v. *Myers & Bloom*, 6 *John. Ch. Rep.* 178. *Van Duzer* v. *Van Duzer*, 6 *Paige's Rep.* 368. *Hake* v. *Fink*, 9 *Watts' Rep.* 336. *Gallego* v. *Gallego's ex'r*, 2 *Brock. Rep.* 285.) The court of errors and appeals in the state of Mississippi went further than this, in the case of *Tewksberry* v. *Tewksberry*, (4 *How. Rep.* 188,) and decreed to the wife, upon granting a divorce, on account of the adultery of the husband, a restoration of all the property which he had received by virtue of the marriage.

The statute of this state gives to the wife upon the dissolu-

tion of the marriage on the ground of the adultery of the husband, as a matter of right and without reference to the question of alimony, all the real estate of which the husband is then seized in the right of his wife and of which she is the real owner, and also any goods or things in action which were left with her by the husband, or were acquired by her own industry, or which were given to her by devise or otherwise or to which she is entitled by the decease of any of her relatives intestate, as her sole and absolute property. (2 *R. S.* 146, § 46.) And the evident intention of the legislature was not only to give to her such real estate discharged of the husband's life interest therein as tenant by the curtesy initiate, and her bedding and furniture, &c. left with her by the husband, but also all choses in action, legacies and distributive rights not collected or reduced to possession by the husband as would have belonged to her by survivorship if the marriage had been dissolved by his death at the time of making the decree. If this does not cover the whole property to which she was entitled under the will of her father except what the husband has received and spent, or has reduced to possession and transferred to a bona fide purchaser previous to the time of the commencement of this suit, she is entitled to whatever remains thereof to be applied to the support and education of such of the children of the marriage as are minors.

The decree will therefore declare her rights accordingly, and award a perpetual injunction restraining the defendant, and all others who may have acquired any right or interest in such property or choses in action under him since the commencement of this suit, from bringing or prosecuting any suit or instituting any other proceedings whatever for recovering or obtaining the possession thereof or of any part thereof, or whereby the right or interest of the complainant therein as above declared shall or may be in any wise charged or impaired, or from intermeddling therewith in any way whatever.