## Case No. 4,271.

### The E. C. SCRANTON.

[2 Ben. 81.][1]

District Court, S. D. New York. Jan., 1868.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

I. T. Williams, for claimants.
Beebe, Dean & Donohue, for libellant.

BLATCHFORD, District Judge. The 44th rule of the instance rules in admiralty prescribed by the supreme court, provides, that, "in cases where the court shall deem it expedient or necessary for the purposes of justice, the court may refer any matters arising in the progress of the suit, to one or more commissioners to be appointed by the court, to hear the parties, and make report thereon; and such commissioner or commissioners shall have and possess all the powers in the premises which are usually given to or exercised by masters in chancery in references to them, including the power to administer oaths to and examine the parties and witnesses touching the premises." Under this rule the order of reference in this case was made, referring it to a commissioner of this court to ascertain and compute the amount of the damages sustained by the libellant, and report thereon to the court. Under such an order the libellant has a right to put the reference into the hands of any regular commissioner of this court. Ben. Adm. § 339. The proceedings before a referee under an order made under the 44th rule, are to be conducted in the usual manner in which proceedings are conducted before a referee or a master in chancery.

In the present case, the claimants, during the pendency of the reference, and after some progress has been made in it before the commissioner to whom it was given in charge by the libellant, apply to the court, on affidavit, for an order that all proceedings in the action be stayed, until the libellant shall appear before the commissioner and submit to a cross-examination by the counsel for the claimants, or that the direct testimony of the libellant be stricken out. The ground, set forth in the moving affidavit, for this application, is, that the counsel for the libellant has objected to permitting

the counsel for the claimants to further cross-examine the libellant, on the ground that his testimony has been closed, and has refused to produce the libellant for such further cross-examination, and has declared that the claimants, if they want him, must subpoena him as their own witness. It does not appear that the matter has been in any way brought before the commissioner, or that he has made any ruling in regard to the same.

It is proper practice, when a reference is pending before a referee or a master, and important questions as to leading principles arise, for him to apply to the court for directions; but this is always to be done on his certificate, and the discretion of submitting such matters to the court should be sparingly exercised, because it is the duty of the referee or master to settle, in the first instance, all questions which arise, and to meet every difficulty until he finds he cannot proceed for want of power. Hoff. Ch. Pr. c. 19, § 7. When, in the course of proceedings before a referee or master, he refuses to allow a question to be put to a witness, as going to matters improper cr useless to be inquired into, or for other reasons, the aggrieved party may apply to the court, on a certificate from the referee or master and other papers, for an order that the referee or master allow the question or examine as to the point. Hoff. Office of Master, 34, 35. In Hallett v. Hallett. 2 Paige, 432, on a reference before a master, an application was made to him by the plaintiff for leave to inspect certain books and papers which the defendants had delivered under an order therefor, and to examine the defendants to see if they had delivered everything required by the order. The master refused the application, and the plaintiff, on a certificate of the facts, applied to the court to direct the master to examine the defendants as to the delivery. The court held that the master had erred, and made an order giving leave to the plaintiff to inspect the books and papers and examine the defendants. So, where, on an examination before a master, a party, on the advice of his counsel that a question is improper or irrelevant to the matters referred to the master, and after a decision by the master that it is proper for him to answer the question, refuses to answer it, the matter is to be brought before the court, on an application to compel him to answer, and to punish him for the contempt in refusing to answer, if the question was not an improper one. Gihon v. Albert, 7 Paige, 278. Where a master proceeds irregularly, or where it is necessary to take some testimony which the master erroneously refuses to permit to be taken, the proper course is to make a special application to the court, upon a certificate from the master as to the proceedings, and on due notice to the adverse party, for relief. Renwick v. Renwick, 10 Paige, 420, 422. So, also, if a master omits to report as to some matters upon which he is directed to report by the order of reference. the remedy is not to except to the report, but to move the court that the report be referred back to the master, with instructions to him to correct the report, so as to make it embrace all the matters of the reference. Stevenson v. Gregory, 1 Barb. Ch. 72. It is, therefore, proper to bring before the court, otherwise than by exceptions to a report, matters arising on a reference. But it is not proper to do so unless the question is one which has been passed upon by the referee in one way or another, or one upon which he has directly or practically refused to pass; and, in all cases, there must be a certificate from the referee as to the proceedings. In the present case no such certificate is presented, nor does it appear that the commissioner has refused to allow to the counsel for the claimants the privilege of further cross-examining the libellant. or has refused to make an order directing the libellant, to appear and be further cross-examined, or to strike out his direct testimony on his failure to comply with such an order. For these reasons the application is refused.